UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARCELL WILLIAMS,<br><br>       Plaintiff,<br>  v.<br><br>ELY STATE PRISON, et al.,<br><br>       Defendants. | Case No. 3:24-cv-00022-ART-CLB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 64) |

Plaintiff Marcell Williams brings this civil rights action under section 1983 against Defendants Tasheena Cooke, James Dzurenda, David Drummond, William Gittere, and Kenneth Williams ("Defendants") for deliberate medical indifference to his mental health needs under the Eighth Amendment and violation of his medical-privacy rights under the Fourteenth Amendment. (ECF No. 7.)

Before the Court is Defendants' Motion for Summary Judgment. (ECF No. 51.) Magistrate Judge Carla L. Baldwin issued a Report and Recommendation ("R&R") recommending that Defendants' motion be granted on the basis that Mr. Williams failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA") and failed to show in the alternative that administrative exhaustion was unavailable to him. (ECF No. 64.)

For the foregoing reasons, the Court adopts the magistrate judge's R&R.

## I.    LEGAL STANDARD

### a.  Review of Reports and Recommendations

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's

1

report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Mr. Williams has not filed an objection to the magistrate judge's R&R and his time to do so has now expired. (ECF No. 51.)

### b. Administrative Exhaustion

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

"[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). [A] prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court[.]" *Id.* at 88. But, because the PLRA requires exhaustion of those administrative remedies "as are available," the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." *See Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010). In other words, an inmate must exhaust only those grievance procedures "that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)).

Failure to exhaust administrative remedies is a non-jurisdictional affirmative defense that defendants must raise and prove. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014); *Jones v. Bock*, 549 U.S. 199, 212-17 (2007). A "defendant must first prove that there was an available administrative remedy and that the prisoner did not exhaust that available remedy. … Then, the burden shifts to the plaintiff, who must show that there is something particular in his

case that made the existing and generally available administrative remedies effectively unavailable to him by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile. ... The ultimate burden of proof, however, remains with the defendants." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts [in a preliminary proceeding]." *Albino*, 747 F.3d at 1166.

## II.    ANALYSIS

The magistrate judge found that Defendants met their burden to show that Mr. Williams did not exhaust his administrative remedies pursuant to the PLRA because he did not continue to appeal his grievances through the Second Level as required by A.R. 740, which he concedes. (ECF No. 64 at 10-11.)

Next, she found that Mr. Williams did not sufficiently show that the grievance procedure was unavailable to him to justify an exception to exhaustion. (*Id.* at 14.) Mr. Williams argued that there is a culture of chilling grievances at Ely State Prison and that his mental health issues placed him at "an extreme disadvantage" in pursuing the grievance process, thus excusing his failure to exhaust. (ECF No. 60 at 9.) The R&R found that because Mr. Williams was still able to pursue the grievance process through the First Level despite his mental health and the potentially tedious and frustrating procedural requirements of A.R. 740, he was unable to show that the grievance process was unavailable to him. The Court agrees.

## III.    CONCLUSION

It is therefore ordered that the Report and Recommendation (ECF No. 64) is ADOPTED in full.

It is further ordered that Defendants' Motion for Summary Judgment (ECF

No. 51) is GRANTED.

It is further kindly ordered that the Clerk enter judgment and close this case.

Dated this 11th day of March, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4